UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GREGORY D. DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-1342 |
| | ) |
| WOODFORD COUNTY, WOODFORD COUNTY BOARD, and CHARLES FEENEY, | ) |
| | ) |
| Defendants. | ) |

# ORDER & OPINION

This matter is before the Court on motions to dismiss filed by all defendants. Defendants Woodford County and Woodford County Board (collectively, "Woodford County Defendants") jointly filed a Motion to Dismiss for failure to state a claim (doc. 6), and Defendant Charles Feeney ("Judge Feeney") filed a separate Motion to Dismiss for failure to state a claim (doc. 7). Plaintiff has not responded to either Motion. This matter is ripe for review. For the following reasons, both Woodford County Defendants' and Judge Feeney's Motions are GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## BACKGROUND

Plaintiff Gregory D. Douglas ("Plaintiff") brings the instant lawsuit *pro se* against Woodford County, Woodford County Board, and Judge Charles Feeney alleging violations under the "7th Amendment, 14th Amendment, Civil rights, Right to present Evidence, Right to own property, right to be treated Fair, Right for Equal

Treatment under the Law." (Doc. 1 at 1–3). His request for relief is solely monetary. It includes "$10,000,000 for the intentional abuse" of Judge Feeney's discretion, punitive and "social" damages, court costs, and "whatever else is deemed to" Plaintiff. (Doc. 1 at 4).

The dispute centers on Plaintiff's state-court proceedings, namely, the foreclosure of his home. (Doc. 1 at 7). He explains that because of health and financial hardships, Plaintiff and his family were forced to refinance their home, possibly multiple times. (Doc. 1 at 7). While refinancing, the bank[1] failed to apply the lower interest rates Plaintiff says applied because of the COIVD-19 pandemic and his hardships. (Doc. 1 at 7). Consequently, Plaintiff states he paid hundreds of thousands of dollars in attorneys' fees, bank charges, and excess interest. (Doc. 1 at 7). When the bank began foreclosure proceedings on his loan, Plaintiff sought to introduce evidence of the bank's alleged wrongdoings. (Doc. 1 at 7). This request was purportedly denied by Judge Feeney. (Doc. 1 at 7).

---

[1] Plaintiff does not name the bank. However, in his Motion to Dismiss, Judge Feeney asks this Court to take judicial notice that the other parties in the lawsuit proceeding before him are Select Portfolio Servicing, Inc., Menold Construction/Blue Sky, and U.S. Bank. (Doc. 7 at 5). A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Courts may take judicial notice of public record without converting the instant motion into a motion for summary judgment. Fed. R. Civ. P. 12(d); *see also Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). Thus, this Court takes judicial notice of the facts readily ascertainable from public court record.

While the details are unclear in the Complaint, Plaintiff mentions that he "sued this Judge Feeney previously[.]"[2] (Doc. 1 at 5). The sparse factual allegations do not inform the Court what the lawsuit was, but Plaintiff states that he later made a "Motion for Judge Feeney to Recuse himself" for potential bias, which was denied, in the foreclosure proceedings. (Doc. 1 at 5).

Now, Plaintiff brings suit and alleges fourteen counts against Judge Feeney. Counts I–VI allege violations of Plaintiff's due process rights under the Fourteenth Amendment. (Doc 1 at 5). Count VII contains an allegation that Judge Feeney violated Plaintiff's right to a jury trial under the Seventh Amendment. (Doc. 1 at 5). Counts VIII–XIV allege violations of Plaintiff's due process rights and right to a jury trial under the Illinois Constitution and its amendments. (Doc. 1 at 6). Judge Feeney moves to dismiss all claims against him. (Doc. 7).

There are no counts alleged against Woodford County Defendants. (Doc. 1). Woodford County Defendants move to dismiss themselves from the Complaint for this reason. (Doc. 6).

## LEGAL STANDARD

To survive dismissal pursuant to Rule 12(b)(6), the complaint must contain a short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A plaintiff is not required to plead extensive facts, legal theories, or to

---

[2] A review of cases filed by Plaintiff on PACER shows that in 2001, Plaintiff brought suit against Woodford County States Attorney Charles Feeney for an alleged violation of his civil rights. *Douglas, et al. v. State of Illinois, et al.*, 01-cv-1432 (C.D. Ill.).

anticipate defenses but must plead enough facts to present a story that holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff. *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court must also accept all well-pleaded factual allegations as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Id*. Filings by *pro se* plaintiffs are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### DISCUSSION

Plaintiff's responses to Defendants' Motions were due on or before October 13, 2023, and October 16, 2023, respectively. This Court, *sua sponte*, granted Plaintiff additional time to file his responses, but he failed to do so. (Text Order dated October 20, 2023). Plaintiff was warned that failure to respond may result in this Court presuming there is no opposition and ruling without further notice. (Doc. 8). While the Court is entitled to summarily grant Defendants' unopposed Motions, it will nevertheless analyze the merits of Defendants' arguments. *Hefley v. Davis*, No. 08-

cv-172, 2008 WL 5114647 (N.D. Ill. Dec. 2, 2008); *Sanders v. Town of Porter Police Dept.*, No. 05-cv-377, 2006 WL 2457251 (N.D. Ind. Aug. 22, 2006).

The *pro se* Complaint invokes subject-matter jurisdiction over the claims by raising a federal question. (Doc. 1 at 3). However, while Plaintiff alleges numerous constitutional violations, he fails to do so through Section 1983, the federal statute establishing a private right of action against a person who, under color of law, violates a plaintiff's rights under federal law or the U.S. Constitution. 42 U.S.C. § 1983. A litigant complaining of violations of constitutional rights must utilize the federal civil rights statute, as it is the remedy for the alleged violations. *Id.*; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court finds that Plaintiff has not adequately alleged a jurisdictional basis in his Complaint and will not assume subject-matter jurisdiction. In other words, without invoking Section 1983, Plaintiff's Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.[3] There are other reasons that would bar Plaintiff's recovery, as well.

I. **Woodford County Defendants**

Woodford County Defendants argue that despite being named in the caption of Plaintiff's Complaint, neither Woodford County nor Woodford County Board was named in a count or in the factual allegations. (Doc. 6 at 2–3). For this reason, these Defendants move to dismiss the action against them. (Doc. 6 at 3).

---

[3] Dismissals for lack of subject-matter jurisdiction are without prejudice. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1013 (7th Cir. 2021).

It is insufficient to state a claim by including only the defendant's name in the caption. Fed. R. Civ. P. 8; *see also Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (dismissing *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption was proper). Plaintiff only refers to Woodford County Defendants in the caption and does not mention them or their actions in the Complaint form. Thus, Plaintiff has failed to state a claim as to them, and Woodford County Defendants are dismissed without prejudice.

## II. Judge Feeney

Judge Feeney argues that not only are his actions immunized by judicial immunity, but Plaintiff has failed to state a claim and abstention doctrines bar this Court from deciding the issues raised. (Doc. 7).

Absolute judicial immunity protects "[a]cts carried out in a judicial capacity, whether based on statute, rule or inherent authority." *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989). Judicial immunity exists to preserve judicial independence in the decision-making process. *See Bradley v. Fisher*, 80 U.S. 335, 351 (1871). If a judge errs through inadvertence or even maliciousness, the remedy is through the appellate process, not through an action for money damages against the judge. *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir. 1985). This is true even when "bad faith is alleged." *Cooney v. Rossiter*, No. 07 C 2747, 2008 WL 3889945, at *5 (N.D. Ill.

Aug. 20, 2008) (cleaned up). Judges are entitled to absolute immunity from Section 1983 suits for damages, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), and state-law claims suffer the same fate, *Bozek v. Bank of Am., N.A.*, 2021 IL App (1st) 191978, ¶ 57 (citations omitted).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable: a judge is not immune for non-judicial actions or for actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. The latter exception does not mean simply deciding a case over which the court had no jurisdiction in the ordinary sense. It is found when the court, having been given jurisdiction only over certain types of issues, decides another type altogether. *See Kowalski v. Boliker*, 893 F.3d 987, 997–98 (7th Cir. 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)); *Bradley*, 80 U.S. at 352.

In the instant Complaint, Plaintiff seeks monetary relief for the injury-causing actions taken by Judge Feeney, which were: (1) denial of Plaintiff's motion to recuse himself; and (2) denial of Plaintiff's motion to present evidence of the bank's alleged wrongdoing. (Doc. 1 at 7). For Plaintiff to successfully bypass judicial immunity, he would have to show that the decisions were not judicial actions, or that Judge Feeney acted in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11. But Plaintiff does not and cannot argue that either exception applies based on the alleged facts.

First, the denial of a motion is plainly a judicial act, as it is a function normally performed by a judge. *Stump*, 435 U.S. at 362. The denials occurred while Judge Feeney was acting within his judicial capacity, i.e., presiding over a hearing. Even if

Plaintiff argues the denials were in error or abuses of discretion, it is still judicial action. *Id*. at 363. Second, to demonstrate that he is protected by immunity, Judge Feeney must have acted with jurisdiction. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Illinois circuit courts are courts of original jurisdiction. *See* Ill. Const., art. VI, § 9. This means that as long as "a matter brought before a circuit court is justiciable and does not fall within the original and exclusive jurisdiction of [the Illinois Supreme Court], a circuit court has subject-matter jurisdiction to consider it." *Zahn v. N. Am. Power & Gas, LLC*, 2016 IL 120526, ¶ 13. Illinois circuit courts hear and determine foreclosure cases. *Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676, ¶ 12. As a judge in the Circuit Court of Woodford County, Judge Feeney had the authority to preside over and make decisions affecting the foreclosure located in Woodford County, Illinois. (Doc. 1 at 1).

Since the actions taken by Judge Feeney fall squarely within what is covered, judicial immunity applies. No attempt at amending the allegations to a more specific pleading will remedy the defects or bypass judicial immunity; it would be futile. *See Runnion v. Girl Scouts of Greater Chi. & NW Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Therefore, Plaintiff's claims against Judge Feeney are dismissed without prejudice and Plaintiff is not granted leave to amend his claims against Judge Feeney.

Because the Court agrees Judge Feeney's actions are protected from liability by judicial immunity, the Court does not address his argument for dismissal that the Complaint fails to state a claim for relief pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. However, Judge Feeney's abstention argument will be discussed.

The final argument for dismissal is that long-standing abstention doctrines bar this Court from hearing Plaintiff's claims. Judge Feeney argues the *Younger* doctrine applies. (Doc. 7 at 7–8). *Younger* abstention "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In civil cases, *Younger* abstention is appropriate only when there is "state-initiated civil enforcement proceedings akin to criminal prosecutions, or . . . civil proceedings implicating a state's interest in enforcing orders and judgments of its courts." *Woodard*, 997 F.3d at 722. Here, while there is a foreclosure proceeding in state court against Plaintiff, it is not the state that is seeking to enforce the law. Nor is Plaintiff asking this Court to interfere with the state-court foreclosure proceedings; rather, he asks this Court to adjudicate claims related to the state-court case and provide him monetary damages from a defendant who is not a party to the state-court proceedings. For these reasons, the Court refrains from applying *Younger* abstention. The Court can remind Plaintiff of his avenue to litigate the foreclosure matter in state court and appeal any appealable orders or the final judgment to the appropriate state appellate court to the extent he disagrees with them.

## CONCLUSION

IT IS THEREFORE ORDERED that Woodford County Defendants' Motion to Dismiss (doc. 6) and Judge Feeney's Motion to Dismiss (doc. 7) are GRANTED. Plaintiff's Complaint (doc. 1) is DISMISSED WITHOUT PREJUDICE. With respect to his claims against Judge Feeney, Plaintiff is not granted leave to amend unless authorized under Federal Rule of Civil Procedure 15(a)(2).

As to the Woodford County Defendants, aside from the jurisdictional issue, the Complaint contains vague statements and conclusory allegations that are insufficient to state plausible claims. Fed. R. Civ. P. 8. In order to afford the opportunity to cure these pleading deficiencies, the Court allows Plaintiff to file an amended complaint within thirty days of this Order.

SO ORDERED.

Entered this 15th day of November 2023.

                                                                               s/ Joe B. McDade
                                                                               JOE BILLY McDADE
                                                         United States Senior District Judge